IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JANET LYNN LANIER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04-1865-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| CITY OF WOODBURN, a municipal | ) | |
| corporation, LINDA SPRAUER, | ) | |
| individually and as Library Director of | ) | |
| the Woodburn Public Library, | ) | |
| | ) | |
| Defendants. | ) | |

Don Hall Marmaduke
Steven M. Wilker
Paul W. Conable
Tonkon Torp, LLP
888 S. W. Fifth Avenue, Suite 1600
Portland, Oregon 97204-2099

    Attorneys for Plaintiff

Janet Marie Schroer
Karen M. O'Kasey
Hoffman Hart & Wagner, LLP
1000 S. W. Broadway, 20th Floor
Portland, Oregon  97205

      Attorneys for Defendants

KING, Judge:

Plaintiff Janet Lynn Lanier alleged violations of the Fourth Amendment, Fourteenth

Amendment, and Article I, Section 9 of the Oregon Constitution, arising out of the City of

Woodburn's (the "City") conditions of employment.  Specifically, plaintiff took issue with the

City's pre-employment drug and alcohol screening and the required execution of a "Personal

History Inquiry Authorization, Release and Waiver" form ("Release and Waiver Form").

On November 14, 2006, I denied in part and granted in part defendants' motion for

summary judgment, granted in part and denied in part plaintiff's motion for summary judgment,

and denied plaintiff's motion to strike.  On March 6, 2006, I presided over a court trial to

determine whether plaintiff was entitled to damages and in what amount.  On March 7, 2006,

judgment was entered in favor of plaintiff in the amount of $12,467.50.  Detailed factual and

procedural history of this case has been set forth in the prior Opinion of the court and will not be

repeated here.  Before the court is plaintiff's Motion for Attorney Fees (#57) and Bill of Costs

(#56).

## LEGAL STANDARDS

42 U.S.C. § 1988 provides in pertinent part, "In any action or proceeding to enforce a

provision of section[] . . . 1983 . . ., the court, in its discretion, may allow the prevailing party, . . .

Page 2 - OPINION AND ORDER

a reasonable attorney's fee as part of the costs. . . ."  42 U.S.C. § 1988(b).

In addressing a petition for attorney fees under federal law, the court must first determine the "lodestar" amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate.  Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), amended on other grounds, 108 F.3d 981 (1997).  In determining what constitutes a reasonable fee, the district court should consider the factors specified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976).  The factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent,[1] (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. at 363 n.8.

Next, the court must consider the necessity of adjusting the lodestar amount, based on the Kerr factors not already subsumed in the lodestar calculation.  Morales, 96 F.3d at 363-64.

There is a strong presumption, however, that the lodestar amount is a reasonable fee and should only be enhanced in "rare and exceptional cases."  Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986).

A reduction of the lodestar fee may be justified when the plaintiff fails to obtain relief on all claims, and if hours spent on unsuccessful claims were not needed to pursue successful

---

[1] Although "whether the fee is fixed or contingent" is listed as a factor, the Supreme Court subsequently held that enhancing a fee award on account of contingency is improper.  See City of Burlington v. Dague, 505 U.S. 557 (1992); Davis v. City and County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

claims. <u>Quesada v. Thomason</u>, 850 F.2d 537, 539 (9th Cir. 1988). In <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1404 (9th Cir. 1992), the court explained:

> The district court first asks if the plaintiff did not prevail on claims that were unrelated to those on which he succeeded and excludes any fees associated with those unsuccessful claims. Second, the court makes further reductions when plaintiffs' success on any remaining interrelated unsuccessful and successful claims was limited.

To exclude the hours spent litigating unsuccessful claims, a court can identify specific hours to eliminate or simply reduce the award to account for the limited success. Mathematical formulas or percentages may be used. <u>Schwarz v. Secretary of Health & Human Services</u>, 73 F.3d 895, 904-05 (9th Cir. 1995).

## DISCUSSION

I.    <u>Motion for Attorney Fees</u>

Plaintiff seeks a total of $43,823 in attorney fees. Of this, $28,753 is for attorney hours spent prior to summary judgment and on summary judgment, $10,205 is for attorney hours spent preparing and appearing at the court trial, $4,715 is for attorney hours spent on this post-trial motion, and $150.00 is for legal assistant hours.

The City does not challenge the hourly rates requested by plaintiff. Therefore, after reviewing the material submitted in support of plaintiff's motion, I find that plaintiff's counsels' hourly rates are reasonable given the attorneys' experience and the prevailing rates in this community. The attorney rates are: Steven Wilker, $250 per hour; and Paul Conable, $180 per hour.

The City does, however, object to the number of hours for which payment is sought. The City points out that the request is four times plaintiff's award. In addition, the City asserts that

the case was a straight-forward one, and one where the court resolved all issues other than damages on cross-motions for summary judgment. The City takes issue specifically with the fact that Mr. Conable billed 13.9 hours to prepare for an oral argument that took place in one hour.

Despite the City's objections, I accept plaintiff's counsels' representation that 190.5 hours were expended on this matter, and I find the total to be reasonable. Mr. Conable was well-prepared for the oral argument, and I found his presentation to be exceedingly helpful in resolving the cross-motions for summary judgment.

Furthermore, although plaintiff obtained a relatively small damage award, damages alone is not the sole measure by which plaintiff's success is assessed. Plaintiff also obtained a declaratory judgment that the City's post-offer, pre-employment drug and alcohol screening policy violates the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Oregon Constitution to the extent the policy is warrantless, suspicionless, and is unsupported by a special need that outweighs reasonable expectations of privacy, as explained in my Opinion and Order of November 14, 2005. In addition, although I did not find the Release and Waiver Form to be unconstitutional, plaintiff obtained a limiting construction of the language and I urged the City to amend the waiver to reflect that limiting construction.

Thus, I am satisfied that 190.5 hours represents the total appropriate amount of time that plaintiff's counsel worked on this case. I grant plaintiff's motion for attorney fees in the amount of $43,823.

II.    Bill of Costs

As the prevailing party, plaintiff is entitled to recover her costs other than attorneys' fees

Page 5 - OPINION AND ORDER

as a matter of course, unless the court otherwise directs.  Fed. R. Civ. P. 54(d)(1).  Expenses

which may be taxed as costs against a losing party are enumerated in 28 U.S.C. § 1920.  Plaintiff

requests costs in the amount of $1.066.35.  Having reviewed the bill of costs, and having

received no objection, I grant plaintiff's request.

## CONCLUSION

Plaintiff's Motion for Attorney Fees (#57) is granted, and plaintiff's Bill of Costs (#56) is

granted.  Plaintiff shall have judgment in the amount of $43,823 for attorney fees and $1,066.35

for costs.

IT IS SO ORDERED.

Dated this _____17th_____ day of April, 2006.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge

Page 6 - OPINION AND ORDER